USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/12/2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
EDDY SEVERINO,                           :
                                         :    No. 01 Cr. 302 (JFK)
            Movant-Defendant,            :    No. 10 Cv. 5131 (JFK)
                                         :
     -against-                           :
                                         :    **OPINION & ORDER**
UNITED STATES OF AMERICA,                :
                                         :
            Respondent.                  :
----------------------------------------X

**JOHN F. KEENAN, United States District Judge**:

    Eddy Severino ("Severino"), currently incarcerated at Moshannon Valley Correction Center, brings this pro se "Motion for Sentence Reduction" based on Johnson v. United States, \_\_\_U.S.\_\_\_, 135 S. Ct. 2551, 2557 (2015), which voided the residual clause of the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(2)(B)(ii), as unconstitutionally vague. (Mot. to Reduce Sentence, United States v. Severino, No. 01-cr-00302, Aug. 24, 2016, ECF No. 182 [hereinafter "Mot."].)

    Severino cites jurisdiction under both 18 U.S.C. § 3582 (modification or reduction of sentence) and 28 U.S.C. § 2255 (post-conviction relief). For the reasons stated below, Severino's claim is properly brought by way of a motion under 28 U.S.C. § 2255, not 18 U.S.C. § 3582. In addition, because his claim is wholly without merit, this Court declines to transfer the motion to the Second Circuit for certification under 18 U.S.C. § 2255(h) and 23 U.S.C. § 2244(b)(3).

1

## I. Background

### A. Severino's Sentencing

On June 11, 2002, Severino pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. § 846 and one count of distribution and possession with intent to distribute heroin in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2.

At Severino's sentencing, then-District Judge Barbara S. Jones made findings of fact based on both a hearing she held pursuant to United States v. Fatico, 579. F.2d 707 (2d Cir. 1978), and the trial of Severino's co-defendant, Manuel Vargas. (Sentencing Tr. at 27-28, Severino, No. 01-cr-00302, Jan. 8, 2004, ECF No. 122.)  Judge Jones found that Severino was the leader of the heroin conspiracy and that the conspiracy involved at least five other people. (Id. at 24-25.)  She also found that guns were present at the apartment where the heroin conspiracy operated, that Severino distributed guns to his customers, and that at least one of the drug customers to whom Severino supplied a gun was likely to use that gun in subsequent drug deals. (Id. at 26)  Judge Jones concluded that it was "beyond any doubt that the guns were a part of the heroin trafficking that [Severino] did . . . ." (Id.)

After applying (1) a two-level enhancement pursuant to section 2D1.1(b)(1) of the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") because Severino possessed a firearm in connection with his offense of conviction, (2) a four-level enhancement pursuant to U.S.S.G. § 3B1.1(a) because Severino was the leader or organizer of a criminal activity involving five or more participants, and (3) a three-level reduction for acceptancy of responsibility, Judge Jones found Severino's total offense level to be 41, his Criminal History Category to be I, and his applicable Guidelines range to be 324 to 405 months' imprisonment. She sentenced him to a term of 360 months' imprisonment on each of Counts One and Two of the Indictment, to run concurrently. (Judgment, Severino, No. 01-cr-00302, Dec. 9, 2003, ECF No. 117.)

Severino appealed his sentence and argued that Judge Jones erroneously applied sentencing enhancements based on his role in the offense and his possession of a dangerous weapon during the course of the offense conduct. United States v. Severino, 114 F. App'x 428, 429 (2d Cir. 2004). The Second Circuit affirmed the district court judgment and held that Judge Jones's findings, including those forming the basis of the firearm enhancement, were "supported by the record and [were] not clearly erroneous." Id.

**B. Severino's First § 2255 Petition**

On July 6, 2010, Severino filed his first 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence (the "First § 2255 Petition"). He argued that (1) he received ineffective assistance of counsel, (2) his sentence deprived him of due process of law in violation of the Fifth Amendment because he did not allocute to the statutorily prescribed drug quantity, and (3) the district court did not have the authority to impose sentencing enhancements without a grand jury indictment and fact finding by a jury. Judge Jones denied Severino's petition on all grounds on August 15, 2011. (Order at 17, Severino, No. 01-cr-00302, Aug. 15, 2011, ECF No. 169.)

**C. Severino's First Motion to Reduce Sentence**

On August 3, 2015, Severino filed a pro se motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 782 to the Guidelines, which reduced by two levels some, but not all, of the base levels in section 2D1.1's Drug Quantity Table. (Mot. To Reduce Sentence, Severino, No. 01-cr-00302, Aug. 10, 2015, ECF No. 171.) This Court granted the motion and found that Severino's amended guidelines range was 262 to 327 months' imprisonment. Accordingly, this Court issued an order reducing Severino's term of imprisonment to 300 months. (Order, Severino, No. 01-cr-00302, Dec. 22, 2015, ECF No. 174.) This Court, however, concluded that a reduction to the bottom of the amended Guidelines range was "inappropriate" in part because

4

Severino's "conduct in connection with his present arrest involved the use of a weapon." (Id. at 3.)

Severino appealed this Court's decision to reduce his sentence to 300 months' imprisonment, instead of 262 months, the bottom of the amended Guidelines range. He argued that the Court abused its discretion by concluding that Severino's offense involved the "use" of a weapon. The Second Circuit concluded that Severino's arguments were without merit and affirmed this Court's decision in a summary order. (See Mandate of USCA, Severino, No. 01-cr-00302, Jan. 30, 2017, ECF No. 185.)

### D. The Instant Motion

On August 24, 2016, Severino filed a new motion to reduce his sentence based on the Supreme Court's decision in Johnson. The Government responded on December 12, 2016. Severino then filed two additional documents. On January 20, 2017, he filed a "Memorandum in Support" of his new motion. (See Mem. of Law in Supp. and a Request to Transfer Def.'s Pet. to Second Circuit, Severino, No. 01-cr-00302, Jan. 30, 2017, ECF No. 184 [hereinafter "Mem."].) On February 16, 2017, he filed a "Supplemental Memorandum." (See Suppl. Mem. of Law of Eddy Severino in Supp. for his Appl. to File a Second or Successive Section 2255, Severino, No. 01-cr-00302, Jan. 30, 2017, ECF No. 186 [hereinafter "Suppl. Mem."].)

## II. Legal Standards

### A. Motions Filed Pro Se

This Court notes that Severino is a pro se litigant. As such, his submissions must be held to "less stringent standards than formal pleadings drafted by lawyers." Ferran v. Town of Nassau, 11 F.3d 21, 22 (2d Cir. 1993) (internal quotations omitted). This Court is required to construe Severino's submissions "liberally and interpret them to raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotations omitted).

### B. Successive § 2255 Motions

Pursuant to 28 U.S.C. § 2255, a prisoner sentenced in federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" if the prisoner claims that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

A request for permission to file a successive petition must be made to the Second Circuit, which will only allow a successive petition if the application makes a prima facie showing that (1) "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable";

or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," and "the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(a), (b)(1)-(2).

### III. Discussion

#### A. Characterization as Second § 2255 Motion

In its response to Severino's motion, the Government argues that the motion should be construed as a second or successive 28 U.S.C. § 2255 petition, not as a motion brought under 18 U.S.C. § 3582. In reply, Severino argues that his motion should be construed as a new motion under 18 U.S.C. § 3582 and, even if his motion is construed as a successive § 2255 petition, it should be transferred to the Second Circuit for certification.

This Court will construe Severino's motion as a second petition brought under 28 U.S.C. § 2255. This motion cannot be construed as one brought under 18 U.S.C. § 3582 because that statute would apply only had the Sentencing Commission reduced the sentencing range under which Severino was sentenced, which is not what Severino is claiming. See 18 U.S.C. § 3582(c)(2); see also United States v. Perez, 129 F.3d 255, 258-59 (2d Cir.

7

1997) (affirming a district court's decision to construe a motion brought under 18 U.S.C. § 3582 as one brought under 28 U.S.C. § 2255). Severino appears to recognize as much as he filed a "Supplemental Memorandum of Law" in support of his "Application to File a Second or Successive § 2255," in which he stated that he was "seeking permission to file a successive 28 U.S.C. § 2255 petition." (See Suppl. Mem. at 2-3.)

### B. Johnson Claim

In his "Motion for Sentence Reduction," which this Court construes as a successive petition brought under 28 U.S.C. § 2255, Severino argues that Johnson should be extended to section 2D1.1(b)(1) of the Guidelines, thereby reducing the two level enhancement he received at sentencing for possession of a dangerous weapon.

Severino's argument fails because the Supreme Court has since determined that the Fifth Amendment due process concerns at issue in Johnson do not apply to enhancements imposed pursuant to the Guidelines. In Beckles v. United States, the Supreme Court held that "that the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause" because they "merely guide the court's discretion," as opposed to the ACCA, which "fixed—in an impermissibly vague way— a higher range of sentences for certain defendants." __ U.S. __, 137 S. Ct. 886, 892, 895 (2017). Therefore, a sentencing

8

enhancement imposed pursuant to section 2D1.1(b)(1) of the Guidelines cannot be challenged as void for vagueness, and, accordingly, Severino's motion must be denied.

### C. Application of Firearm Enhancement

In his motion, Severino again claims that his sentence is incorrect because the firearm enhancement was incorrectly applied because "it was clear that Severino had no gun when he was arrested" and "[n]one was found on him or around him at the place of arrest." (Mot. at 3.) Judge Jones, this Court, and the Second Circuit have all previously determined that this argument lacks merit. The Second Circuit pointedly stated that Judge Jones's factual findings that (1) guns were present in the apartment where the conspiracy operated, (2) Severino supplied guns to his customers, and (3) at least one of the drug customers to whom Severino supplied guns was a narcotics dealer, were "supported by the record and . . . not clearly erroneous." Severino, 114 F. App'x at 430. Severino has provided no new evidence indicating that this Court should revisit this conclusion, and thus his argument is meritless.

### D. Transfer to Second Circuit

Because Severino did not make a petition to the Second Circuit, this Court does not have jurisdiction to address a second § 2255 motion and is required to transfer such a motion to the Second Circuit if doing so is in the interest of justice.

See 28 U.S.C. §§ 2255(h) and 2244(b)(3); see also Liriano v. United States, 95 F.3d 119, 123 (2d Cir. 1996). However, a district court "need not transfer the second or successive motion if it is wholly without merit." Avendano v. United States, No. 02CR1059-LTS, 2014 WL 7236036, at *2 (S.D.N.Y. Dec. 19, 2014). Instead, the court should "dismiss the motion if it is clear that the narrow set of factual predicates for relief on a second or successive section 2255 petition have not been made out." Id.; accord Acosta v. United States, 197 F. Supp. 3d 553, 556-57 (S.D.N.Y. 2016); Carrasco v. United States, 190 F. Supp. 3d 351, 354 (S.D.N.Y. 2016); Terrence v. Artus, No. 05 CIV. 5994DC, 2005 WL 1705299, at *2 (S.D.N.Y. July 20, 2005).

Severino has failed to demonstrate that his motion contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or that his motion relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Severino's failure to satisfy either standard renders his motion ineligible for certification under 28 U.S.C. §§ 2255(h) and 2244(b)(3). Thus, this Court declines to transfer the motion to

the Second Circuit for certification in accordance with 28 U.S.C. § 1631.

### IV. Order

For the reasons stated above, Defendant's motion for a sentence reduction is DENIED.

The Court declines to issue a certificate of appealability because Severino has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Krantz v. United States, 224 F.3d 125, 127 (2d Cir. 2000). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is respectfully directed to close the criminal case (No. 01-cr-302) and related civil case (No. 10-cv-05131).

**SO ORDERED.**

Dated:  New York, New York
        October 12, 2018

John F. Keenan
United States District Judge